IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL Y. GRANGER, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )   No. 11 C 9213 |
| | ) |
| **THOMAS F. REINER, SR., et al.** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Thomas F. Reiner's (Reiner) motion to dismiss, and motion in the alternative to transfer or stay the instant action. For the reasons stated below, the motion to transfer is granted, and the motions to dismiss and stay are denied without prejudice.

## BACKGROUND

In Spring 2008, Reiner allegedly met with Plaintiff Michael Y. Granger (Granger) to discuss starting a new medical equipment business together. Reiner also allegedly told Granger that another company named Spectra Group, Inc. (Spectra Group) might be good to use as a starting platform. In June 2008, Reiner and Granger allegedly met with the President of Defendant Hollister, Inc. (Hollister) and learned that Hollister wanted to sell its "Evadri Bladder Control System"

business. (Compl. Par. 11). In November 2008, Granger allegedly informed Kenneth E. Feltman (Feltman) of the proposed medical equipment business. In December 2008, Reiner allegedly met with Granger and Feltman (Meeting). Reiner allegedly told Granger and Feltman that Reiner's company, Spectra Medical Products, Inc. (Spectra Medical), was an ongoing business with a financial history and a valuation of $300,000 to $350,000, when in fact it had been incorporated only for two months, it had no value, and it was merely a shell corporation. Reiner also allegedly named Granger as the Secretary and Director of Spectra Medical without authorization from Granger. At the Meeting, the parties allegedly formed an agreement (Agreement) that Spectra Medical would acquire the Hollister business and agreed to the distribution of shares in the new business. The new company was allegedly incorporated as UroMed Technology, Inc. (UroMed), and pursuant to an asset purchase agreement, UroMed allegedly purchased certain assets from Spectra Group.

     Plaintiffs contend that Reiner breached his fiduciary duty as the Chief Executive Officer and Director of UroMed by failing to distribute dividends to shareholders, giving preference to his own financial interests, failing to disclose material facts about the operations of UroMed, engaging in self-dealing transactions between UroMed and himself, and secretly entering UroMed into invalid contracts with himself, his wife, and Spectra Group in order to dilute the shares controlled by Granger and Feltman. Reiner also allegedly breached his fiduciary duty to UroMed by making misrepresentations about the financial status and the extent of the operations of Spectra Group.

In the complaint filed in state court, Plaintiffs included breach of fiduciary duty claims (Counts I-II), fraud and deceit claims (Counts III-IV), claims alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/12 *et seq.* (Counts V-VI), breach of contract claims (Counts VII-VIII), and an unjust enrichment claim (Count IX). In June 2011, the claims brought against Hollister were dismissed in the state court. In December 2011, the instant action was removed to federal court by Reiner. Reiner now moves to dismiss the instant action, and moves in the alternative to transfer or stay the instant action.

## DISCUSSION

Reiner moves to dismiss the instant action, arguing that he is not subject to personal jurisdiction in Illinois. In the alternative, Reiner requests that the court transfer this case to the Northern District of California or stay the instant action. Plaintiffs were given until January 24, 2012 to file a response to the instant motion, and Plaintiffs have not filed any response opposing Reiner's arguments.

The court will address the transfer motion first, since if the transfer request is granted, the personal jurisdiction issue and stay issues before the court will be moot. This court is not required to resolve the personal jurisdiction issue prior to a transfer. *See, e.g., Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986)(stating that "under 1404(a) as under 1406(a), the transferring court need not have personal jurisdiction over the defendants").

If the Northern District of Illinois is a proper venue, a transfer is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* If the Northern District of Illinois is not a proper venue, this court may still transfer the instant action pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* Reiner concedes that he has significant contacts with the Northern District of California, and thus would be subject to personal jurisdiction in that district. (Mem. 13-14).

I.  Plaintiffs' Choice of Forum

Reiner argues that Plaintiffs' choice of forum is not entitled to great deference. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The record reflects that this case has connections with various locations all across the United States. For example, the complaint indicates that UroMed, which is the main company at issue in this case, was incorporated in Massachusetts. (Compl. Par. 25 29). Agreements relating to UroMed, such as the UroMed Common

Stock Purchase Warrant, indicate that they are governed by Delaware law.  (STW Sec 8).  Although the complaint references meetings between Reiner and Granger in Illinois, the complaint also references meetings in states such as California.  (Compl. Par. 9).  The UroMed Asset Purchase Agreement, which is an agreement that is directly at issue in this case, indicates that it is governed in part by California law.  (Asset Agr. Sec. 8.3).  Reiner also asserts, and Plaintiffs have not contested, that the principal places of business for both UroMed and Spectra Group are in California.  (Mem. 14).  The minutes from the meetings of the UroMed Board of Directors indicate that meetings were held in locations such as California and Washington, D.C.  (5/28/09 Min. 2); (09 CH 16617 Pet. Par. 29).  Plaintiffs have not pointed out any connections that this case has with Illinois.  While the court has given substantial deference to Plaintiffs' choice of the instant forum, Plaintiffs' choice is not dispositive, particularly in a case such as this where Plaintiffs have not shown that there is any special or unique connection to Illinois.

II.  Convenience of Parties and Witnesses

Reiner argues that the convenience of the parties and witnesses would clearly be best served by a transfer to the Northern District of California.  Reiner contends that the vast majority of witnesses would be located in California.  Reiner has also shown that the majority of the books and records that will be at issue in this case are located in California.  Plaintiffs have not contested either point.  Reiner has shown that a transfer to the Northern District of California would clearly be more convenient to the parties and witnesses.

III.  Interest of Justice

Reiner contends that the interest of justice would be promoted by a transfer to the Northern District of California.  In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21, 21 n.4 (7th Cir. 1986).  In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts."  *Coffey*, 796 F.2d at 221.  The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim.  *Id.*

Reiner has shown that this action can be resolved more efficiently in California, where the majority of the witnesses and key evidence is located.  This case has many close connections with California and limited connections with Illinois.  The record also indicates that California law will likely govern at least in part in the instant action.  Thus, the interest of justice factor clearly favors a transfer.

Under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), a transfer of this case to the Northern District of California is clearly warranted.  Considering the factors under 28 U.S.C. § 1404(a), Plaintiffs' choice of Illinois is entitled to limited deference considering this case's limited connections to Illinois, and the convenience

of the parties and witnesses clearly would be best served by a transfer.  Considering the interest of justice factor under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), the interest of justice factor is clearly served by a transfer to California, where there are close ties to this action and where this action can be most effectively and efficiently resolved.  *See, e.g., Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 n.5 (4th Cir. 1993)(stating that "[t]he analysis of whether a transfer is 'in the interest of justice' is the same under section 1404(a) as it is under section 1406(a)").

Finally, Plaintiffs have previously brought an action against Reiner and others in which many of the same issues were raised on behalf of themselves and UroMed.  That case was removed to federal court (Case Number 09 C 3493), and in February 2010, that case was transferred to the Northern District of California.  Reiner contends that Plaintiffs subsequently voluntarily dismissed that action in California.  Therefore, based on the above, Reiner's motion to transfer to the Northern District of California is granted.  Reiner's motion to dismiss for lack of personal jurisdiction and motion to stay are denied as moot.

## CONCLUSION

Based on the foregoing analysis, Reiner's motion to transfer is granted, and the motion to dismiss and motion to stay are denied as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 7, 2012